## MILLER v PRIOIETTI

Ohio Appeals, 5th Dist, Stark Co
No. 1018.  Decided October 17, 1929

Messrs. Ake, Van Nostrand & Graham, Canton, for Miller.

Messrs. Contie & Cohen, Canton, for Prioietti.

### HOUCK, J.

It is urged under this state of the record that there is such prejudicial error therein as to authorize a reviewing Court to reverse the judgment below and grant a new trial. The record clearly discloses that the question in which it is claimed the real sting exists was withdrawn by counsel.

"Refusal of the Court to withdraw a juror and decree a new trial after it had been brought out that defendant carried liability insurance was not error, since such action is within the discretion of the trial Court and will not be interfered with in the absence of abuse."

Gibbs v Bartom, 130 Atlantic Reporter 439.

**Knutzen Motor Co. v. Steiner, 31 Ohio Appellate 46**
(166 Northeastern Reporter, page 243).
**Cohen v. Smith, 26 Ohio Appellate Reports 32.**

We think that the case of **Pavilonis v. Valentine, 120 OS. 154 (165 Northeastern, p. 731)** is clearly in point and decisive of this suit in favor of the defendant in error and against the plaintiff in error.

How can it properly be asserted in the case now under review that prejudicial error has intervened when, as a matter of fact, no answer was given to the question and the jury did not know whether the answer would be yes or no, and as a result had no knowledge as to whether the defendant below carried indemnity insurance or not. What more could the Trial Judge do than he did in the premises? Or what more could counsel for plaintiff below do than he did in order to prevent any semblance of error? He withdrew the question and the case stood just

as it did prior to that time. A reviewing Court under the facts before it has no right to draw an inference that the plaintiff in error has been prejudiced. In order for there to be prejudicial error warranting a reversal of a judgment, the record must affirmatively show that the rights of the complaining party have been prejudiced and that justice has been miscarried. Not so in the case before us.

It follows that the judgment of the Common Pleas Court should be affirmed.

Lemert, J. and Sherick, J. concur.