as shown by the transcript are noted on the docket and journal as attorneys for the defendant, The Marion Masonic Temple Company, affirmatively shows the appearance by the defendant on the motion referred to in the entry, and being an affirmative action on the part of the defendant similar to a consent to adjournment appearing upon the record of the court, constitutes a general entry of appearance on the part of the defendant. *Rice & Co.* v. *Pike,* 117 Ohio St., 521 at 528, 160 N. E., 90.

As this entry, which was a matter for consideration by the court upon the motion to quash the alias summons, shows a general entry of appearance on the part of the defendant, it affirmatively appears from the record that the order appealed from is erroneous in that it is contrary to law, and for this reason the judgment will be reversed at costs of defendant and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

CROW, P. J., KLINGER and GUERNSEY, JJ., concur.

ZAGGI, APPELLEE, *v.* REPUBLIC STEEL CORP. EMPLOYEES RELIEF ASSN., APPELLANT.

(Decided March 14, 1941.)

*Messrs. Sieman & Sieman,* for appellee.
*Messrs. Guarnieri & Secrest,* for appellant.

PHILLIPS, J. Defendant, an incorporated employees relief association, appeals on questions of law from a judgment of the Court of Common Pleas of Trumbull county, entered upon a jury verdict for the plaintiff, in his action to recover disability benefits allegedly due him in accordance with the constitution of the association. The defendant, appellant herein, by its counsel in open court assigned as its sole ground of error the refusal of the trial judge to withdraw a juror and continue the case, when counsel for plaintiff on cross-examination of defendant's witness, its relief administrator, asked him the following question, which defendant claims was highly prejudicial:

"And isn't it true, after this X-ray was taken, and after you had this X-ray examined by your X-ray man, that you called me up, and told me that you would pay the claim, and you were convinced * * * that it came from separate individual * * *?"

Counsel for the defendant asked "that the question be excluded from the record as being entirely prejudicial; that a juror be withdrawn and the case continued."

Whereupon the trial judge said:

"Well, the objection is sustained; and the jury will disregard the question entirely. The witness will not be permitted to answer it. Banish from your minds any impressions which may have been made by reason of the asking of the question, just forget it."

Defendant's request to withdraw a juror and continue the case was a matter addressed to the sound discretion of the trial judge, with which discretion this court will not interfere in the absence of evidence of abuse thereof.

This brings us to a consideration of the question whether the action of the trial judge in refusing to withdraw a juror and continue the case, constituted an abuse of discretion prejudicial to the rights of the defendant. The trial judge refused to permit the witness to answer the question. Manifestly the jury did not know whether the question would be answered affirmatively or negatively, and as a result was not informed whether the witness had discussed settlement with plaintiff's counsel.

Under the record we cannot infer that the jury's verdict resulted from prejudice created by hearing the question when no answer was given, as it must affirmatively appear that the defendant's rights have been prejudiced or there has been a miscarriage of justice to warrant this court reversing the judgment of the lower court. See *Miller* v. *Prioietti*, 7 Ohio Law Abs., 728.

Defendant cites the case of *Toledo St. L. & W. Rd. Co.* v. *Burr & Jeakle*, 82 Ohio St., 129, 92 N. E., 27, in which it is said:

"While it should perhaps be said, that after objection made, court and counsel did all in their power to counteract and overcome the effect of these improper and prejudicial statements, yet the mischief had been done, the poison had been injected, and that which thereafter occurred was not, in our judgment, a sufficient antidote."

That case is distinguished from the instant case by the fact that there counsel in argument to the jury stated as a fact, when he was unsupported by the evidence, that "within thirty days after the occurrence of

this fire counsel for the defendant made an offer of settlement, and that offer was repeated as late as the day of the commencement of this trial,'' and thereby informed the jury that an offer of settlement had been made, which in the opinion of the Supreme Court could not be cured by subsequent withdrawal of the statement or admonition by the court; whereas in the instant case, the jury were not informed whether settlement had been discussed. We are in accord with the holding in that case, but clearly distinguish it from the case at bar, to which we do not believe the principle there enunciated is applicable.

We find no abuse of discretion on the part of the trial judge prejudicial to the rights of the defendant in the respects urged warranting a reversal of the judgment of the lower court.

The judgment of the lower court is affirmed.

*Judgment affirmed.*

CARTER, P. J., and NICHOLS, J., concur.