BURKE, APPELLANT, *v.* CREMEENS, ADMX., APPELLEE.*

*Motion to certify the record overruled, April 26, 1961.

314

[black redaction box]

(No. 1112—Decided January 4, 1961.)

[black redaction box]

*Messrs. Watters, Piacentino & Yazel,* for appellant.
*Mr. Thomas C. Fetter,* for appellee.

GUERNSEY, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Marion County, Ohio, entered pursuant to a verdict of a jury for the defendant, appellee herein.

The plaintiff, appellant herein, sued for damages for personal injuries incurred by her as the result of a head-on collision between an automobile in which she was riding as a guest passenger and an automobile driven by the defendant's decedent. The testimony of the plaintiff was to the effect that on the evening prior to the accident she had visited a bar located in Marion, Ohio, and had left the bar at midnight in the company of two men, named Russell and Elkins, respectively; that they rode in a car driven by Elkins to a tavern located south of Marion; that they entered the tavern and stayed there for fifteen or twenty minutes; that she sat at a table with Russell and had one bottle of beer; that Elkins did not sit with them as he was "running around talking to different ones he knew"; that they left the tavern to go to "Fishers and get something to eat," with Elkins driving; that she had not known nor been with Elkins prior to the time she and Russell went with him to his car when on their way to the tavern; that Elkins drove "alright" both going to the tavern and after leaving the tavern "until we were coming out David Street and then he started weaving"; that she thought the fact that the windshield had fogged up and that he wore glasses caused him to swerve; that she wiped off the windshield several times, which seemed to help for a while in that "he would get on the right side of the street and stay there"; that as he crossed Center Street and

entered on Kenton Avenue in Marion Elkins increased his speed, she became scared, and "started hollering to let me out of the car or slow down or do something"; that the last thing she remembered prior to the collision was the crossing of some railroad tracks; that she had observed Elkins walking around in the bar, walking from the bar to his car, walking into, about and from the tavern, conversed with him while walking to and from the car and in the car, and at no time knew that Elkins was "drunk"; that Elkins did not have anything to drink at any time while she was with him or at the tavern; that had she known he was drunk she would not have entered the car with him; and that, in her opinion, Elkins was not drunk.

A Mrs. Fish, called as a witness for defendant, testified to the effect that she was a waitress at the tavern; that on the evening in question at about 12:30 or 1:00 Elkins was in the tavern with several people whom she was unable to identify; that she talked to him and observed his condition; that he was very intoxicated; that she refused to serve him a drink, and no one else in the tavern served him a drink prior to his departure; and that he was "staggering all over the place."

A Mr. Kirby, called as a witness for defendant, testified to the effect that he was the manager and bartender at the tavern; that he saw Elkins at the tavern shortly after midnight of the night in question; that there were at least two persons with him, whom he could not identify; that he observed and talked to Elkins; that Elkins approached him for a drink and he told Elkins that he, Elkins, had had enough; and that Elkins was there a maximum of twenty to twenty-five minutes.

With the exception of the plaintiff, all the occupants of both automobiles were killed as the result of the collision. There were no eye-witnesses thereto except a Mr. Needham who had been driving at some distance behind the Elkins car and who immediately prior to the collision noticed the Elkins car swerve first to the right side of the road and then immediately swerve toward the left. He was unable to give any testimony of any probative value as to the location or movements, prior to the collision, of the car driven by defendant's decedent.

The evidence as to the location of the cars after the impact was such that the jury could reasonably infer that at the moment of impact both cars straddled the center of the road,

with the bulk of each car located in the normal lane of travel of the Elkins' car.

The plaintiff assigns error by the trial court in four particulars:

"I. The trial court committed prejudicial error when it charged on contributory negligence.

"II. The trial court committed prejudicial error when it charged on speed.

"III. Plaintiff was denied a fair trial because of the misconduct of defendant's counsel.

"IV. The verdict and judgment is contrary to law and against the weight of the evidence."

Plaintiff's first assignment of error is based on the claim that there was no evidence of any negligence on the part of plaintiff and that the court could not, therefore, charge the jury on the issue of contributory negligence. Defendant's claim that plaintiff was contributorily negligent is founded on the rule of law that all men must use ordinary care for their own safety, and that a jury might determine that one who accepts a ride in a car driven by a person in a condition of intoxication, which condition is known or apparent to the guest passenger, is not exercising ordinary care for his own safety, and, if such negligence contributes to cause injury to such person, he may not recover for his injuries. It is true that plaintiff stated that in her opinion Elkins was not intoxicated and claimed that if he was intoxicated she was wholly unaware of his condition. It is further true that the two witnesses of defendant employed at the tavern and who testified as to Elkin's intoxicated condition did not identify and specifically place plaintiff in the tavern at the time that Elkins was there in such condition. However, plaintiff acknowledged that she arrived at and left the tavern with Elkins and that she was at the tavern at the same time when defendant's witnesses placed Elkins there. Plaintiff further testified as to Elkins swerving his car on David Street. There was thus sufficient credible evidence of probative value from which a jury could infer that Elkins was intoxicated, that the plaintiff had opportunity to observe Elkins, and, if the jury chose not to believe plaintiff, that Elkins' intoxicated condition was known to plaintiff at the time she left the tavern with Elkins as well as when he was swerving the car on David Street.

The issue of contributory negligence was both pleaded and in evidence, should have been and was submitted to the jury, and there was no error by the court in so doing.

Plaintiff's second assignment of error refers to the reading of a part of Section 4511.21, Revised Code, with reference to speed. It is not necessary for this court to determine whether such instruction constituted error on the part of the trial court. There is nothing on which to base any conclusion that the jury would be misled into believing that such instruction required any proof, whatsoever, as to the speed at which defendant's decedent was operating his automobile. Indeed, plaintiff's attorney acknowledged in the presence of the jury, both in his opening statement and during the charge, that the speed of defendant's car could not be proved and that plaintiff was no longer claiming defendant's decedent to have been negligent in respect to speed. Plaintiff's contention of error, therefore, could have reference only to the effect that such instruction would have on the issue of contributory negligence. Under the "two-issue" rule it is well settled that where the jury returns a general verdict in a case involving two issues, a finding upon any one of which in favor of the successful party would entitle him to judgment, if the record does not disclose affirmatively upon which issue such verdict was based, the judgment will not be reversed if no error appears as to one of the two issues although there may be error as to the other. See 4 Ohio Jurisprudence (2d), 26, Appellate Review, Section 831. The "two-issue" rule is applicable to this case, there being the issues of defendant's decedent's negligence and plaintiff's contributory negligence, a general verdict for the defendant, and the record not affirmatively showing upon which issue such verdict was based. No error appearing as to the submission of the issue of negligence, plaintiff's second assignment of error is without merit even had there been error in the matter of charging speed in relation to contributory negligence.

Plaintiff's third assignment of error is directed to two questions posed by defendant's counsel to the plaintiff:

(1) "107 Mrs. Burke, did you ever sign a release to the estate of Garland Elkins?" and

(2) "108 Mrs. Burke, did you sign a covenant not to sue?"

Before either of these questions was answered, and in each

instance plaintiff's attorney objected, defendant's attorney withdrew the question and the court admonished the jury not to draw any inference or conclusion from the question and to proceed with the case just as if each question had never been asked.

Plaintiff cites as authority for his claim of error the case of *Toledo, St. L. & W. Rd. Co.* v. *Burr & Jeakle*, 82 Ohio St., 129, wherein the Supreme Court had held as uncorrectible error a statement made by counsel in final argument to the jury that "within thirty days after the occurrence of this fire, Mr. Schmetau, as counsel for the defendant, made an offer of settlement, and that offer was repeated as late as the day of the commencement of this trial," notwithstanding that counsel withdrew the statement and that the jury was admonished by the court not to consider same in their deliberations.

In the case before us neither question was answered before the same was withdrawn, and there is nothing from which the jury could determine whether either question would be answered in the affirmative or in the negative; the first question had reference to a "release to the estate of Garland Elkins" who was not a party to the suit nor in privity with any of the parties to the suit; and the admonishment of the court was immediate and specific. There is nothing to indicate that the plaintiff could have been prejudiced in any manner under the circumstances. Under these circumstances we distinguish this case from the case of *Railroad Company* v. *Burr, supra*, in the same manner as did the Court of Appeals for Trumbull County in the case of *Zaggi* v. *Republic Steel Corp. Employees Relief Assn.*, 67 Ohio App., 533, the opinion in which we approve and follow, and hold that the plaintiff's third assignment of error is without merit.

With reference to plaintiff's last assignment of error, we have carefully read the record and find that the verdict and judgment are neither contrary to law nor against the weight of the evidence.

There being no error prejudicial to the plaintiff in the particulars assigned and argued, it is the opinion and judgment of this court that the judgment of the trial court be, and it hereby is, affirmed.

*Judgment affirmed.*

YOUNGER, P. J., and MIDDLETON, J., concur.